Philip B. Vinick, Esq. (009881976)
7 Becker Farm Road, Suite 106
Roseland, New Jersey 07068
Telephone (973) 994-1955, Fax (973) 994-2552
Email: pvinick@aol.com
Attorney for Plaintiffs
File No. 3353 A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Sira Traore and
Alassane Diane, her Husband,

**CIVIL ACTION**

*Plaintiffs,*

CASE NO. : 2:20-CV-17924-CCC-ESK

vs.

Fairview Homes Preservation, L.P.,
Bernard Freund, Related Management
Company, L.P., and Ricardo Mendoza,

Motion Day: February 1, 2021

*Defendants.*

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## DEFENDANT, RELATED MANAGEMENT COMPANY, L.P.'S,
## MOTION TO DISMISS AMENDED COMPLAINT

On the Brief: Philip B. Vinick, Esq.

brief federal court cover page.doc

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................ 1

II. PERTINENT FACTUAL AND PROCEDURAL HISTORY............................3

III. LEGAL STANDARD OF REVIEW.......................................................7

IV. THE DECLARATION OF REBECCA HOLTZMAN RAISES
GENUINE ISSUES OF FACT...............................................................9

V. ARGUMENT ................................................................................ 13

NONE OF THE COUNTS OF THE AMENDED COMPLAINT
SHOULD BE DISMISSED.................................................................. 13

A. Count One of the Amended Complaint
(Violation of the New Jersey Law Against
Discrimination) Should Not Be Dismissed..........................................13

B. Count Two of the Amended Complaint
(Violation of the Fair Housing Act) Should Not be Dismissed.................17

C. Count Three of the Amended Complaint
(Aiding and Abetting) Should Not be Dismissed.................................18

D. Count Four of the Amended Complaint
(Tortious Conduct) Should Not be Dismissed.....................................18

E. Count Five of the Amended Complaint
(Negligence) Should Not be Dismissed.............................................20

F.  Count Six of the Amended Complaint
(Per Quod Claim) Should Not be Dismissed.......................................22

VI. CONCLUSION ............................................................................ 23

i

# TABLE OF AUTHORITIES

Cases                                                           PAGE

Bell Atl. Corp. v. Twombly,
        550 U.S. 444 (2007)...................................................7

Bowers v. NCAA,
        9 F. Supp. 2d 460 (D.N.J. 1998).......................................9

Carter v. Reynolds,
        175 N.J. 402 (2002)...................................................19

Davis v. Devereux Foundation,
        209 N.J. 269 (2012)...............................................15, 16

Fowler v. UPMC Shadyside,
        578 F. 3d. 203 (3d Cir. 2009)..........................................7

G.A.-H. v. K.G.G.,
        238 N.J. 401 (2019) ..................................................21

Gaines v. Bellino,
        173 N.J. 301 (2002)...............................................15, 21

Hoag v. Brown,
        397 N.J. Super. 34 (App. Div. 2007)...................................21

Hoch v. Phelan,
        796 F. Supp. 130 (D.N.J. 1992); ......................................9

In re Mercedes-Benz Antitrust Litigation,
        364 F. Supp. 2d 408 (D.N.J. 2005); ...................................9

K.G. v. Owl City,
        2018 U.S. Dist. LEXIS 214250 (D.N.J. Dec. 20, 2018)..........19

Lederman v. Prudential Life Ins. Co.,
        385 N.J. Super. 324 (App. Div.),
        certif. den. 188 N.J. 353 (2006); ....................................8

ii

Lehmann v. Toys 'R' Us, Inc.
132 N.J. 587 (1993)……………………………………………....13

Manusco v. City of Atlantic City,
193 F. Supp. 2d 789 (D.N.J. 2002)…………………………….15

Oran v. Stafford,
226 F. 3d 275 (3d Cir. 2000). ……………………………………8

Printing Mart v. Sharp Electronics,
116 N.J. 739 (1989); ………………………………………………7

Roe v. Rutgers,
2013 U.S. Dist. LEXIS 95322 (D.N.J. July 9, 2013)……………8

Spring Motors Distributors, Inc. v. Ford Motor Co.,
191 N.J. Super. 22  (App. Div. 1983)……………………………8

Sullivan v. Marina Dist. Dev. Co., LLC,
2012 U.S. Dist. LEXIS (D.N.J. March 23, 2012)…………………21

Velez v. City of Jersey City,
358 N.J. Super. 224 (App. Div. 2003), aff'd
180 N.J. 284 (2004)………………………………………………..21

Yapak, LLC v. Mass. Bay Inc. Co.,
2009 U.S. Dist. LEXIS 96361 (D.N.J. October 16, 2009)………8

Yucis v Sears Outlet Stores, LLC,
813 Fed. Appx. 180 (3d Cir. 2020)………………………………14, 16, 17

## Statutes

                                                                    Page

N.J.S.A. 10:5-1, et seq…………………………………………………13

42 U.S.C. 3604……………………………………………………………17

24 CFR § 100.7(b)………………………………………………………17

iii

## Rules

|  | Page |
|---|---|
| Fed. R. Civ. P. 12 (b)(6)………………………………………………………….1 | |
| Fed.R.Civ. P. 12(d)………………………………………………………….1, 5, 9 | |
| Fed. R. Civ. P. 15(a)(2)……………………………………………………….8 | |
| Fed.R.Civ.P. 56…………………………………………………………….1, 9 | |
| L. Civ. R. 56.1…………………………………………………………….1, 9 | |
| N.J.Ct. R. 4:6-2(e)…………………………………………………………….7 | |

## Other Authorities

Restatement (Second) of Agency……………………………………………….14

## I. **PRELIMINARY STATEMENT**

One of the four defendants, Related Management Company, L.P. ("Related"), moves to dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12 (b)(6). Related's moving papers do not specify whether Related seeks dismissal against just it or against the three other defendants as well. However, the Amended Complaint cannot be dismissed against the three other defendants because two of them have not yet been served, and the third one was served but has not yet filed its Answer or a pleading responsive to the Amended Complaint. Perhaps more importantly, Related argues that as an employer it has no direct or vicarious liability whereas the three other defendants are not employers and cannot make this argument.

Despite being a 12(b)(6) motion, and not one for summary judgment, Related nevertheless presents a Declaration outside the pleadings from Rebecca Holtzman (Dkt 3-2) which alleges additional facts and annexes to it some new documents. In the event the Declaration is not excluded by the court in accordance with Fed.R.Civ. P. 12(d), Related's motion must be treated as one for summary judgment under Fed.R.Civ.P. 56.[1] However, Related did not comply with L.Civ. R. 56.1 by not furnishing the mandatory statement setting forth facts as to which there does or does not exist a genuine issue. Therefore, Related's motion for summary judgment must not be considered and accordingly dismissed, or denied because genuine issues of fact exist and the parties have yet to exchange discovery. Regardless of whether or not the court

---

[1] Not "may" be treated as one for summary judgment as Related stated in its brief (Dkt 3-1, p. 14, fn. 2).

excludes the Declaration,   Related's 12(b)(6) motion must be denied because the Amended Complaint, filed in a New Jersey court just two months ago in November 2020 and removed to the U.S. District Court last month in December in 2020, sufficiently contains factual matter and plausible claims for relief warranting denial of the 12(b)(6) motion or, should the court find otherwise, that plaintiffs be allowed to amend it.

## II. PERTINENT FACTUAL AND PROCEDURAL HISTORY

1.     On June 12, 2019 Related ordered and received the same day and the next day from an outside company, Sterling Talent Solutions ("Sterling"), a background check on a prospective employee, the defendant, Ricardo Mendoza ("Mendoza"), that was limited geographically and in nature, and states that it "is an investigative tool only and should not be used as the basis of any employment decision." (Dkt 3-2, p. 1, ¶3) (Dkt 3-4, p.2).  Apparently Related did not contact Mendoza's former employers or others to determine if Mendoza had any performance or disciplinary issues or if anyone ever complained about him.

2.     On June 19, 2019 Mendoza commenced employment with Related as its Traveling Community Manager to manage and offer to prospective residential tenants for lease properties located in Newark, New Jersey, owned by defendant, Fairview Homes Preservation L.P. ("Fairview") (Dkt 3-2, pp. 1-2, ¶3,5) (Dkt 1-1, p. 14, ¶3,5).  It is unknown as of yet when Related assigned Mendoza to its Newark office, how often he was there, if he was on probation for a time, or if he was supervised or monitored.

3.     On June 22, 2019 Mendoza took on-line a less than 35 minute (.58 hr.) training class, "Preventing Workplace Harassment for Employees" (not one for sexual harassment or discrimination of non-employees or prospective tenants), which concluded at 7:28 in the morning.  (Dkt 3-2, p. 2, ¶8) (Dkt 3-6, pp. 1-3).

4.     On July 11, 2019 (Dkt 3-5, p.1) (not on June 14, 2019 as stated by Ms. Holtzman in her Declaration)(Dkt 3-2, p. 2, ¶6), Mendoza acknowledged receipt of Related's

3

Anti-Discrimination, Harassment and Retaliation Policy and zero tolerance, but not its employee handbook which allegedly expresses Related's commitment to prohibiting unlawful sexual harassment and discrimination. Related did not submit to the court either its handbook or policy.

5.    On September 11, 2019 Mendoza took on-line a one-hour training class, "Preventing Workplace Harassment for Managers" (not one for sexual harassment or discrimination of non-employees or prospective tenants). (Dkt. 3-2, p.2, ¶8) (Dkt. 3-6, pp. 1-3).

6.    On November 7, 2019 plaintiff, Sira Traore ("Traore"), went to Fairview's Leasing Office in Newark seeking residential housing assistance, a residential property for Traore and her husband and three children to lease, and an application therefore. (Dkt 1-1, p. 14, ¶7). It was then and there that Traore met with Mendoza.

7.    Mendoza, instead of providing Traore with housing assistance, a residential property to lease, or an application therefore, among other things pressured Traore to have sex with him in exchange for and as a condition of Traore receiving housing assistance and a residential property to lease. (Dkt 1-1, p. 15, ¶8). Traore rejected Mendoza's indecent proposal and managed to record the incident on her cell phone. (Declaration of Philip B. Vinick, p. 2, ¶9).

8.    Mendoza's quid pro quo and other conduct, unwelcomed to say the least, subjected Traore to sexual harassment, discrimination and injury. (Dkt 1-1, p. 15, ¶10, 12).

9.    On January 6, 2020, two months after the November 7, 2019 incident, Mendoza

4

again acknowledged receipt of Related's aforementioned Policy.  (Dkt 3-2, p.2, ¶6) (Dkt 3-5, p.2).

10.  In February 2020 plaintiffs' counsel gave to Related's representatives Traore's audio/video recording of the November 7, 2019 incident.  (Declaration of Philip B. Vinick, p. 2, ¶9).

11.  On February 21, 2020 Related terminated Mendoza's employment.  (Dkt 3-2, p.2, ¶9).

12.  On October 30, 2020 plaintiffs filed in a New Jersey court a Complaint, and on November 3, 2020 an Amended Complaint.  The Amended Complaint included, as did the Complaint, demands for discovery including answers to certain interrogatories and documents.  (Dkt 1-1, pp. 21-23).

13.  On November 6, 2020 Related and Fairview were served with the Amended Complaint filed in State court.  The two remaining defendants, Mendoza and Bernard Freund ("Freund"), Fairview's owner who engaged Related to manage Fairview's properties, have not yet been served.  It is likely that Fairview and Freund will eventually file crossclaims against Related.

14.  On December 3, 2020 Related removed the New Jersey court case to the U.S. District Court.  (Dkt 1).

15.  On December 23, 2020 Related moved to dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt 3).  The Motion presented matters outside the pleadings pursuant to Fed. R. Civ. P. 12(d), a Declaration from Rebecca Holtzman and documents annexed to it.  (Dkt 3-2).

5

16.   On December 29, 2020 a Letter-Order was entered scheduling this matter for a telephonic initial scheduling conference on February 9, 2021.  (Dkt. 4).

## III. LEGAL STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff that the defendant is liable for the misconduct alleged. Fowler v. UPMC Shadyside, 578 F. 3d. 203, 210 (3d Cir. 2009). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to state a claim to relief that is plausible on its face and raising a reasonable expectation that discovery will reveal evidence of the necessary element. Bell Atl. Corp. v. Twombly, 550 U.S. 444, 555, 570 (2007).

Had plaintiffs' case remained in a New Jersey court where it was recently filed before being removed, and had Related there moved to dismiss it under N.J. Ct. R. 4:6-2(e), the motion would likely have been denied because New Jersey maintains a "Notice Pleading System," and its courts are obliged to search in depth and with liberality to determine if a cause of action can be gleaned even from an obscure statement, particularly if further discovery is taken. Moreover, in a New Jersey court all facts and all reasonable inferences and implications are most strongly accorded in favor of the plaintiff with the motion granted only in rare instances and ordinarily without prejudice. In a New Jersey court a complaint would not be dismissed where a cause of action is suggested by the facts, and where a theory of actionability could be articulated by amendment of the complaint with a plaintiff ordinarily afforded the opportunity to amend the pleadings. Printing Mart v. Sharp Electronics, 116 N.J. 739 (1989);

7

Lederman v. Prudential Life Ins. Co., 385 N.J. Super. 324, 349 (App. Div.), certif. den. 188 N.J. 353 (2006); Spring Motors Distributors, Inc. v. Ford Motor Co., 191 N.J. Super. 22 (App. Div. 1983), aff'd in part and rev'd in part on other grounds, 98 N.J. 555 (1985).

Regardless of the forum, U.S. District Court or a New Jersey court, for the reasons that follow the Amended Complaint fairly apprised Related of the claims and issues raised in that it contains factual material that is far from speculative. While Related challenges the adequacy of the Amended Complaint, a reading of it reveals that it contains sufficient plausible facts so as to allow the court to draw a reasonable inference that Related may be directly and/or vicariously liable. With regard to just vicarious liability the Amended Complaint alleges facts more than suggesting "respondent superior" and "vicarious liability", and an amendment to the complaint, liberally allowed when justice so requires, can readily contain these terms. Fed. R. Civ. P. 15(a)(2); Oran v. Stafford, 226 F. 3d 275, 291 (3d Cir. 2000); Roe v. Rutgers, 2013 U.S. Dist. LEXIS 95322 (D.N.J. July 9, 2013); Yapak, LLC v. Mass. Bay Ins. Co., 2009 U.S. Dist. LEXIS 96361 (D.N.J. October 16, 2009).

8

## IV. THE DECLARATION OF REBECCA HOLTZMAN RAISES GENUINE ISSUES OF FACT

As stated above, the Declaration of Rebecca Holtzman was presented outside the pleadings under Fed. R. Civ. P. 12(d). In the event the Declaration is not excluded by the court, Related's 12(b)(6) motion must be treated as one for summary judgment under Fed. R. Civ. P. 56.

First, if Related's motion is treated as one for summary judgment, then Related did not comply with L. Civ. R. 56.1 in that Related did not furnish the mandatory statement setting forth material facts as to which there exists or does not exist a genuine issue. For this if for no other reason Related's motion must be either not considered and accordingly dismissed, or denied. In re Mercedes-Benz Antitrust Litigation, 364 F. Supp. 2d 408, 471-475 (D.N.J. 2005); Hoch v. Phelan, 796 F. Supp. 130, 131 (D.N.J. 1992); Bowers v. NCAA, 9 F. Supp 2d 460, 476 (D.N.J. 1998).

Second, plaintiffs have not yet been given an opportunity to engage in the reasonably expected discovery in order to obtain and present to the court all material relevant to Related's motion (for summary judgment), although the Amended Complaint filed in State court included discovery demands for certain documents and answers to interrogatories to which Related did not yet respond. In other words, Related's motion is premature and must be denied.

Finally, the Declaration of Rebecca Holtzman and the documents annexed to it raise more questions than they answer. For example:

9

A.      The Declaration and a document annexed to it state that on June 12, 2019 Related ordered and received the very same day and the next day from an outside company, Sterling, a background check on Mendoza. (Dkt 3-2, p.1, ¶4). (Dkt 3-4, pp. 1-8). However, the background check was limited geographically, mainly to Maryland and Florida, and in nature, and in its usefulness too because it clearly and unambiguously states that it is "an investigative tool only and should not be used as the basis of any employment decision." Apparently Sterling's background check was the only outside source of information upon which Related relied.

B.      The Declaration simply states that Related was unaware of any performance or disciplinary issues with Mendoza or of any allegations similar to those plaintiff made against Mendoza. (Dkt 3-2, p.2, ¶ 10-11). However, Related apparently did not contact Mendoza's former employers or others to determine if Mendoza had any performance or disciplinary issues or if anyone ever complained about him before Related hired him.

C.      The Declaration states that Mendoza commenced employment with Related on June 19, 2019 (Dkt 3-2, p. 2, ¶5), but does not state, among other things, when Related assigned Mendoza to its Newark office, how often he was there, whether he was on probation for a time, or if he was supervised or monitored.

D.      The Declaration states that "Related's employee handbook unambiguously expresses the Company's commitment to prohibiting unlawful sexual harassment and discrimination" and that "Related's policy expresses the Company's 'zero tolerance' for any form of sexual harassment or workplace discrimination."(Dkt 3-2, p.2, ¶6). However, Related did not submit to the court either its employee handbook of the policy

10

itself which Mendoza merely acknowledged receipt of on July 11, 2019 (not on June 14, 2019 as declared by Ms. Holtzman), less than four months before the November 7, 2019 incident, and on January 6, 2020 or after the November 7, 2019 incident. (Dkt. 3-5, pp 1-2). Moreover, these receipts of the policy Mendoza acknowledged do not refer to sexual harassment of non-employees or prospective residential tenants such as Traore.

E.      The Declaration states that all Related employees must complete at least one hour of sexual harassment and anti-discrimination training annually, and specialized anti-harassment training for all supervisors, and that Mendoza completed non-supervisor training on June 22, 2019 and supervisor training on September 11, 2019. (Dkt 3-2, p. 2, ¶7-8). However, the two training classes Mendoza took were on-line and not in person, and they together lasted less than ninety-five minutes. The first class, "Preventing Workplace Harassment for Employees", lasted less than thirty-five minutes (.58 hr.) and was completed before 7:30 in the morning. The second class, "Preventing Workplace Harassment for Managers," lasted only one hour. (Dkt 3-6, pp. 1-3). And again, these classes did not relate to sexual harassment of or discrimination towards non-employees or prospective residential tenants.

In sum, if the Declaration is not excluded by the court, it raises genuine factual issues as to whether what Related did was adequate and whether Related could and should have done more to prevent Mendoza's misconduct which Related facilitated. Clearly, these factual issues were also raised in the Amended Complaint under the applicable legal standard of review.  See Point III, supra.  More specifically, the

11

Amended Complaint states that Related ". . . did not sufficiently train, monitor and oversee Mendoza, have in place sufficient and effective training, monitoring and oversight, manuals, handbooks, programs and policies, or enforce said manuals, handbooks, programs and policies to ensure that there would be no sexual harassment of and discrimination towards prospective residential tenants including Traore." (Dkt 1-1, p. 14, ¶11). The legal issues are addressed below.

## V. ARGUMENT

### NONE OF THE SIX COUNTS OF THE AMENDED

### COMPLAINT SHOULD BE DISIMSSED

A.   Count One of the Amended Complaint (Violation of the New Jersey Law Against Discrimination) Should Not Be Dismissed.

Under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("LAD"), it was unlawful discrimination to do or to aid in what Mendoza did. Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587 (1993). Related argues that the Amended Complaint does not allege facts supporting Related's vicarious liability for Mendoza's misconduct. However, citing LAD and incorporating by reference the "Facts Common To All Counts" portion of the Amended Complaint, Count One asserts that defendants, including Related as Mendoza's employer, violated LAD by alleging that the quid pro quo and other conduct of Mendoza, described generally as Mendoza having pressured Traore to have sex with him in exchange for and as a condition of Traore receiving housing assistance and a residential property to lease (Dkt. 1-1, p. 15, ¶8), "was acquiesced to and/or condoned by . . . Related . . . which . . . did not sufficiently train, monitor and oversee Mendoza, have in place sufficient and effective training, monitoring and oversight, manuals, handbooks, programs and policies, or enforce said manuals, handbooks, programs and policies to ensure that there would be no sexual harassment of and discrimination towards prospective  residential tenants including Traore." (Dkt 1-1, p. 15, ¶11).

While these allegations do not use the terms "respondent superior" or "vicarious

13

liability", implicit in them is that Related is both directly liable for its own conduct and vicariously liable for Mendoza's conduct. These allegations, to be accepted as true, sufficiently set forth plausible causes of action for both direct and vicarious liability, and raised a reasonable expectation that discovery will reveal supporting evidence some of which Related already opened the door to by way of Rebecca Holtzman's Declaration and the documents annexed to it. See Point IV, supra.

Legally speaking, Related heavily relies on Yucis v Sears Outlet Stores, LLC, 813 Fed. Appx. 180 (3d Cir. 2020), as well as the cases and Restatement (Second) of Agency cited in it. However, Yucis, while informative, especially the dissent, is not precedential and contains facts easily distinguishable from those in the case sub judice with regard to the five tests to determine vicarious liability. Under Yucis an employer may be vicariously liable for its employee's sexual harassment if at least one of the following five circumstances occurred, as did in the case at bar:

1.    The employee was acting in the scope of employment.

In the case at hand Mendoza facially acted in the scope of his employment, and his conduct was facially related to his job and actuated, at least in part, by a purpose to serve Related. More specifically, Related's goal was to lease Fairview's apartments from out of its Newark leasing office to prospective residential tenants, and Related aided Mendoza in that it provided to him a "special mechanism" by making available to him apartments and giving to him a leasing office in Newark to work from, apartments to bargain with, and a position of special authority over vulnerable prospective tenants desperate for housing assistance, a public accommodation denied to Traore who

14

rejected Mendoza's indecent proposal. Enabled by Related, Mendoza used the leasing office, apartments and special position of authority to control Related's work environment as tools with which to bargain with Traore for sex. See, Mancuso v. City of Atlantic City, 193 F. Supp. 2d 789 (D.N.J. 2002); Davis v. Devereux Foundation, 209 N.J. 269 (2012) (dissent).

2.    The employer intended the conduct or the consequences.

3.    The employer was negligent or reckless.

As stated in Point IV, supra, and in Point V. E., infra, Related was negligent or reckless in that it plausibly knew or should have known that desperate prospective tenants would come to its Newark leasing office where they could be harassed, but failed to take reasonable steps to prevent it, by hiring Mendoza as a Manager and placing him in a particular work environment as a person with special authority without first conducting a more thorough background check, implementing a lengthier and more rigorous and effective training system, or supervising or monitoring him. The presence or promulgation of Related's anti-harassment policies and procedures do not categorically demonstrate the absence of negligence or provide Related with a safe haven from vicarious liability. Indeed, the New Jersey Supreme Court instructively held in Gaines v. Bellino, 173 N.J. 301 (2002) that an employer cannot be insulated or shielded from vicarious liability under LAD on a motion where a question of fact exists as to whether the employer's anti-sexual harassment policy and procedures for employees constitute realistic and protective measures. See, Mancuso, supra at 806. In this case plaintiffs and Related itself put in issue the effectiveness of Related's

15

background check of Mendoza as well as its anti-sexual harassment policies and procedures.

4.     The employee's conduct violated a non-delegable duty of the employer. Related obviously owed a duty to prospective tenants under statutes and caselaw, and breached it.  See Davis, supra.

5.     The employee purported to act or to speak on behalf of the employer and there was reliance upon apparent authority, or he was aided in accomplishing the act by the existence of the employment relation.

Clearly Mendoza, as Related's Traveling Community Manager cloaked with the mantle of authority to control the work environment Related gave to him, purported to act or speak on behalf of Related, Traore relied upon the apparent authority delegated to Mendoza by Related, and Mendoza was aided in accomplishing his actions by the existence of his employment relationship and the "special mechanism" given to  him by Related, a leasing office, apartments and power.

In Yucis the employee merely flirted with a customer who was looking to purchase a refrigerator which she could easily have purchased elsewhere, did so unaccompanied by touching, physical threats or humiliation, and did so independently of trying to sell her a refrigerator.  Consequently, none of the customer's allegations satisfied the aforesaid five tests.  Perhaps the case would have been decided differently had Ms. Yucis been in desperate need of a refrigerator she could not readily purchase elsewhere or at all due to her finances, the salesman used  the refrigerator as a tool with which to bargain with Ms. Yucas for sex, and the salesman actually touched and

16

humiliated Ms. Yucis.  In the case at bar Mendoza used the leasing office, housing and power or authority given to him by Related as a bargaining tool for sex and, in doing so, also touched and humiliated Traore.

In short, the Amended Complaint passes one or more of the aforesaid five fact-sensitive tests, thereby plausibly making Related under LAD directly liable  for its own actions or inactions, and vicariously liable for Mendoza's sexual harassment of and discrimination towards Traore.

For the foregoing reasons, Count One should not be dismissed or, in the alternative, that plaintiffs be allowed to amend the Complaint, and Count One in particular, to include the terms "respondent superior" and "vicarious liability," and additional facts some of which Related already disclosed and more of which it opened the door to.

B. Count Two of the Amended Complaint (Violation of the Fair Housing Act) Should Not be Dismissed.

Under the Fair Housing Act cited in the Amended Complaint, 42 USC 3604, and 24 CFR sec. 100.7(b), "A person is vicariously liable for a discriminatory housing practice by the person's agent or employee, regardless of whether the person knew or should have known of the conduct that resulted in a discriminatory housing practice consistent with agency law."  Therefore, for the same reasons why Count One of the Amended Complaint should not be dismissed, see Point V. A., supra, so too should Count Two not be dismissed, especially because housing was effectively denied or made unavailable to Traore who rejected Mendoza's indecent proposal, a discriminatory

17

housing practice.  In the alternative plaintiffs should be allowed to amend the Complaint and Count Two in particular.

C. Count Three of the Amended Complaint (Aiding and Abetting) Should Not be
   Dismissed.

Related argues that the Amended Complaint does not allege that Related knowingly and substantially assisted Mendoza.  However, for the same reasons why Counts One and Two should not be dismissed, see Point V. A. and B., supra, so too should Count Three not be dismissed, essentially because Related actively, knowingly and substantially aided or assisted Mendoza by making him a Manager, placing him in a position of authority soon after hiring him, not sufficiently training, supervising or monitoring him, and making available to him a leasing office, apartments and power with which Mendoza bargained for sex with prospective tenants desperate for housing assistance, an arguably increasing practice.  Armed with a private leasing office, apartments and power knowingly provided to him by Related, Mendoza performed a wrongful act that caused Traore's injuries.

In short, Count Three should not be dismissed or, in the alternative, that plaintiffs be allowed to amend the Complaint and Count Three in particular.

D. Count Four of the Amended Complaint (Tortious Conduct) Should Not be
   Dismissed.

Related continues to argue that Mendoza acted outside the scope of his employment.  However, for the same reasons why Courts One, Two and Three should not be dismissed, because Mendoza plausibly acted within the scope of his employment, supra, and for the reasons that follow, so too should Count Four not be

18

dismissed.

With regard to Count Four Related relies on certain language within cases including Carter v. Reynolds, 175 N.J. 402 (2002) (holding an employer vicariously liable for the tort of an employee). However, even using the language in Carter Related quoted, Mendoza's actions were still so closely connected with what he was employed to do, and so fairly and reasonably incidental to it, that it may be regarded as methods, even though quite improper ones, of carrying out the objectives of his employment, to lease apartments without which Mendoza could not have bargained with Traore from strength for sex. It is likely that Related would have derived a benefit had Traore succumbed to Mendoza's indecent proposal and leased an apartment. Even so, Mendoza's actions were no different in kind from that authorized in terms of time and space, the leasing of Related – managed apartments while conducting business within Related's Newark office during business hours. Mendoza's actions were of the general nature as that authorized or incidental to the conduct authorized. Moreover, Related obviously had or should have had reason to forsee that an employee in Mendoza's position could make an improper proposal to a prospective tenant desperately in need of housing assistance, or vice versa, that a desperate prospective tenant could make a quid pro quo proposal to Mendoza.

Also relying on K.G. v. Owl City, 2018 U.S. Dist. LEXIS 214250 (D.N.J. Dec. 20, 2018) and other cases, Related continues to argue that Mendoza's actions fell outside the scope of his employment. However, for the reasons previously stated, the Amended Complaint sufficiently stated a direct claim against Related as well as a claim

19

for vicarious liability because Mendoza's conduct was within the scope of his employment in that it was reasonably if not directly related or connected to his employment or in furtherance of Related's business purpose (to lease apartments) at Related's place of business during business hours.

For the foregoing reasons Count Four should not be dismissed or, in the alternative, that plaintiffs be allowed to amend the Complaint and Count Four in particular.

E. Count Five of the Amended Complaint (Negligence) Should Not be Dismissed.

Related argues that the Amended Complaint does not plead claims for negligent hiring, supervision or training.

First, the "Facts Common to All Counts" portion of the Amended Complaint (Dkt. 1-1, p. 15, ¶11) and Count Five of it (Dkt 1-1, p. 19, ¶2), essentially state that Related negligently hired, trained, monitored and oversaw Mendoza, negligently had in place insufficient and ineffective training and oversight manuals, handbooks, programs and policies, or negligently enforced its manuals, handbooks, programs and policies to ensure that there would be no sexual harassment of and discrimination towards prospective residential tenants. These allegations, to be accepted as true, sufficiently pled a plausible cause of action for negligence and, what is more, raised a reasonable expectation that discovery, some of which plaintiffs already sought and Related provided, will reveal supporting evidence.

Second, for the reasons set forth in detail in Point IV, supra, the Declaration of Rebecca Holtzman in and of itself sets forth additional facts but, in doing so, raises

20

genuine issues as to whether Related was negligent. Related nevertheless relies on the Declaration which describes the questionable efforts Related made before and after hiring Mendoza. To whatever extent Related trained, supervised, monitored and oversaw Mendoza during the first five months of his employment as a Manager, Related obviously did so ineffectively, and Related's (unpresented to the court) employee handbook and policies were equally ineffective thereby calling into question, along with Related's hiring of Mendoza, whether Related breached a duty of care, was itself negligent and directly at fault, and/or is vicariously liable for Mendoza's conduct. G.A.-H. v. K.G.G., 238 N.J. 401, 415 (2019) (involving a summary judgment motion made after the close of discovery); Sullivan v. Marina Dist. Dev. Co., LLC, 2012 U.S. Dist. LEXIS (D.N.J. March 23, 2012). Related obviously foresaw the risks involved or else it would not have, albeit deficiently, had a background check of Mendoza conducted, trained Mendoza, twice given Mendoza its policy (once after the November 7, 2019 incident) and, soon after hiring Mendoza, placed him in an authoritative position without supervision in its Newark office where he would predictably interact in a private office with prospective tenants desperate for housing assistance. See Gaines v. Bellino, supra, at 303 (implementing policy); Hoag v. Brown, 397 N.J. Super. 34, 54-56 (App. Div. 2007) (negligent hiring); Velez v. City of Jersey City, 358 N.J. Super. 224 (App. Div. 2003), aff'd 180 N.J. 284 (2004) (vicarious liability based on negligent principles).

For the foregoing reasons Count Five of the Amended Complaint should not be dismissed or, in the alternative, that plaintiffs be allowed to amend the Complaint and Count Five in particular.

21

F. Count Six of the Amended Complaint (Per Quod Claim) Should Not be Dismissed.

Simply put, if any one or more of Traore's first five counts survive Related's motion, supra, then so too should survive her husband's Count Six per quod claim. (see citations, Dkt 3-1, pp. 15-16).

22

## VI. CONCLUSION

For the foregoing reasons, it is respectfully requested that Related's motion to dismiss

the Amended Complaint with prejudice not be considered and accordingly dismissed or,

in the alternative, denied in its entirety.

Philip B. Vinick, Esq.
Attorney for plaintiffs

Dated: January 19, 2021

23