## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIRA TRAORE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FAIRVIEW HOMES PRESERVATION LP, *et al.*,<br><br>　　　　Defendants. | Case No. 20–cv–17924–CCC–ESK<br><br><br>REPORT AND<br>RECOMMENDATION |

**KIEL**, U.S.M.J.

　　**THIS MATTER** is before the Court on plaintiffs' motion to remand (Motion To Remand) the case to the Superior Court of New Jersey, Essex County (State Court). (ECF No. 19.) Defendant Related Management Company, LP (RMC)—which removed the case from State Court and is the only defendant to have appeared—opposed the Motion to Remand. (ECF No. 1 ¶5; ECF No. 20.) Plaintiffs, in turn, filed a reply brief. (ECF No. 23.) Also pending is RMC's motion to dismiss (Motion To Dismiss), which has been fully briefed. (ECF Nos. 3, 6, 11.) For the following reasons, I recommend that: (1) plaintiffs' claims under the Fair Housing Act (FHA), 42 U.S.C. §3601 *et seq.*, be dismissed in their entirety with prejudice as withdrawn; (2) the Motion To Remand be granted; (3) the Motion To Dismiss be (a) denied as moot to the extent it seeks dismissal of plaintiffs' FHA claims, and (b) administratively terminated without prejudice to the extent it seeks dismissal of plaintiffs' state law claims; and (4) the case to the extent that it concerns state law claims be remanded to State Court.

### BACKGROUND AND PROCEDURAL HISTORY

　　RMC: (1) managed residential properties owned by defendants Fairview Homes Preservation LP (Fairview) and Bernard Freund (collectively, Fairview

Defendants); and (2) employed defendant Ricardo Mendoza as a manager. (ECF No. 1-1 p. 14; *see also* ECF No. 3-2 ¶ 5 (RMC admitting that it employed Mendoza); ECF No. 11-1 ¶ 6 (same); ECF No. 20 p. 5 (RMC detailing Mendoza's employment and its business arrangement with Fairview).) Plaintiffs allege that Mendoza sexually harassed plaintiff Sira Traore in violation of New Jersey state law and the FHA when plaintiffs applied for residency and financial assistance at the Fairview Defendants' complex. (ECF No. 1-1 pp. 14–20.)

Plaintiffs commenced the case in State Court on or about October 30, 2020, and then filed an amended complaint on November 2, 2020. (ECF No. 1-1 pp. 2–9; *id.* pp. 13–20.) On December 3, 2020, RMC removed the case from State Court pursuant to federal-question jurisdiction based on plaintiffs' FHA claims. (ECF No. 1 ¶¶ 4(a), 4(b).)

RMC filed its Motion To Dismiss on December 23, 2020, wherein RMC argued, among other things, that the FHA claims should be dismissed. (ECF Nos. 3, 3-1.) On January 19, 2021, plaintiffs filed opposition to the Motion To Dismiss, but made no assertions concerning their willingness to withdraw the FHA claims at that juncture. (ECF Nos. 6, 6-1.) RMC filed a reply brief in support of the Motion To Dismiss on February 4, 2021. (ECF No. 11.)

On March 22, 2021—more than three months after RMC removed the case from State Court and nearly two months after RMC filed its reply brief in support of the Motion to Dismiss—plaintiffs filed the Motion To Remand. (ECF No. 19.) Plaintiffs initially set forth a somewhat equivocal statement in support of the Motion To Remand: "In order to move their case along[,] plaintiffs may be willing if need be to voluntarily dismiss their [FHA] claim[s] as against [RMC]." (ECF No. 19-1 p. 3 ¶ 12; *see also* ECF No. 19-2 pp. 9, 10 (asserting same).)

RMC argued in opposition, among other things, that the Motion To Remand was untimely because it was not filed within thirty days of removal as required under 28 U.S.C. § 1447(c). (ECF No. 20 p. 5.) As to plaintiffs' equivocation that

2

they may agree to a voluntary dismissal of the FHA claims, RMC pointed out that "Plaintiffs did not do so." (*Id.* p. 10.)

In the reply brief filed in support of the Motion To Remand on April 16, 2021, which was four months after the case was removed, plaintiffs unequivocally and without limitation made the following assertion for the first time: "To be clear, plaintiffs are willing to voluntarily dismiss their FHA claim[s] as a condition to the granting of their motion to remand." (ECF No. 23 ¶ 10.) It is apparent that the withdrawal of the FHA claims in their entirety would extinguish federal-question jurisdiction over the case, but RMC has neither filed a sur-reply nor sought leave to file a sur-reply to plaintiffs' assertion concerning a withdrawal of those claims.

## DISCUSSION AND ANALYSIS

Plaintiffs have agreed to withdraw the FHA claims in their entirety. Upon withdrawing the only claims that provided a basis for removal, federal-question jurisdiction over the case was extinguished. Furthermore, RMC has neither raised diversity jurisdiction as an alternative basis for removal in the notice of removal (ECF No. 1 pp. 2, 3), nor sought to assert that the Court possessed diversity jurisdiction in response to plaintiffs' withdrawal of the FHA claims. As a result, the case should be remanded. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding remand is appropriate when a case has been removed on the basis of federal-question jurisdiction, but all federal claims have been dropped or dismissed and only supplemental state claims remain).

It is unfortunate that plaintiffs withdrew the only claims forming the basis for removal, *i.e.*, the FHA claims, four months after removal. Despite plaintiffs' delay, a dismissal of the federal claims and a remand of the state claims are warranted. *See Knopp v. Shell Oil Co.*, No. 20-03098, 2020 WL 7334094, at *4 (D.N.J. Dec. 14, 2020) (doing same—even though withdrawal of a federal claim was sought after a motion to dismiss was filed, three months had elapsed since

removal, and plaintiff did not file a motion to amend or a notice of voluntary dismissal—as a claim disclaimer is not tantamount to impermissible forum manipulation and as a plaintiff may sensibly conclude that a federal claim should be withdrawn after a motion to dismiss is filed).

## RECOMMENDATION

Accordingly, and for the reasons stated above, I recommend that: (1) the FHA claims be dismissed in their entirety with prejudice as withdrawn; (2) the Motion To Remand (**ECF No. 19**) be granted; (3) the Motion To Dismiss (**ECF No. 3**) be (a) denied as moot to the extent that it seeks dismissal of the FHA claims, and (b) otherwise administratively terminated without prejudice, and (4) the remaining state claims be remanded to State Court. The parties have fourteen days to file any objections to this Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2).

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Dated: May 11, 2021